PEOPLE, PLAINTIFF AND APPELLEE, *v.* GARCÍA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution for Violation of the Motor Vehicles Act.

No. 1606.—Decided December 10, 1920.

MOTOR VEHICLES — COMPLAINT. — A complaint which charges that the accused, while driving a truck without exercising the proper care and taking reasonable precautions to safeguard lives and property, wilfully and maliciously collided with the complainant's automobile because the defendant ''did not keep as far to the right as possible,'' alleges facts sufficient to constitute a public offense.

The facts are stated in the opinion.
*Messrs. J. Martínez Dávila* and *E. Campillo* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.
MR. JUSTICE HUTCHISON delivered the opinion of the court.
The complaint in this case charged a violation of the law

regulating the operation of motor vehicles, approved April
13, 1916, as follows:

"That at five o'clock of the afternoon of December 5, 1918, and
in Dr. Veve Street, Bayamón, of the Municipal Judicial District of
Bayamón, which, in turn, forms part of the Judicial District of San
Juan, P. R., the said defendant, driver of truck H. P. No. 58 be-
longing to San Felix of Corozal, wilfully and maliciously, with
out exercising the proper care and taking reasonable precautions
to safeguard lives and property, collided with the motor car driven
by the undersigned, damaging the shaft, mud-guards, lamp, wind-
shield and radiator thereof. This accident occurred because the de-
fendant did not keep as far to the right as possible."

The only error assigned is that the court below erred in
overruling a demurrer to the complaint on the ground that
the facts stated do not constitute an offense, and in support
of this contention the appellant relies upon the cases of
*People* v. *Borque,* 25 P. R. R. 553; *People* v. *Rivera,* 26
P. R. R. 393; *People* v. *Salgado,* 27 P. R. R. 804, and *People*
v. *Matienzo, Idem,* 838.

In the *Borque Case* this court held, to quote the syllabus,
that—

"In an information laid under section 12 of Act No. 75 of 1916,
regulating the operation of automobiles, it is not sufficient to charge
generally that the driver did not take due precaution in the opera-
tion of the automobile to insure the safety of lives and property,
but it is necessary to allege also that he committed some act in
violation of one or more of the several specific provisions of the
said section."

A perusal of this and the other cases cited, which follow
but add nothing to the doctrine so announced, will suffice
to show that in none of them did the complaint charge any
act or omission described in the various subdivisions of
section 12 of the law in question.

Subdivision "D" of that section provides that "motor
vehicles while being operated on public highways shall be
kept as far to the right as practicable" and the complaint

herein expressly specifies that the collision in question "occurred because the accused did not keep as far as possible to the right."

The judgment appealed from must be

Affirmed.

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.